**Order filed May 21, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-01085-CV

## IN RE PATRICIA ANN POTTS AND A.M.W. (A CHILD), Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**11th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-74161[1]**

---

## ORDER

On December 9, 2013, relator Patricia Ann Potts, individually and as next friend of A.M.W., a child, filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks

---

[1] Relator was adjudged a vexatious litigant in Cause No. 2009-74161 by the Honorable Mike Miller, presiding judge of the 11th District Court of Harris County. Judge Miller's judgment prohibits relator from filing, *in propria persona*, any new litigation in this state without the permission of a local administrative judge. This original proceeding stems from relator's request to obtain such permission to file a new litigation for which a separate cause number has not been assigned.

this Court to compel the local administrative judge of Harris County to rule on her motion for permission as a vexatious litigant to file suit against Helen Marie Leonard in the form of an application for a protective order. In the alternative, relator asks this Court to compel the local administrative judge of Harris County to vacate the February 2010 order designating relator a vexatious litigant.

Subsequent to filing her petition for writ of mandamus, relator filed a motion to reinstate[2] and emergency motion for temporary relief. This Court dismissed in part and dismissed as moot in part relator's petition for writ of mandamus in a previous opinion. As relator's petition for writ of mandamus has been dismissed, her motion to reinstate and emergency motion for temporary relief are rendered moot.

Accordingly, we deny relator's motion to reinstate and emergency motion for temporary relief as moot.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Brown.

---

[2] Relator's motion to reinstate was filed incorrectly in a separate mandamus proceeding brought by relator. As the substance of the motion to reinstate pertains to the present case, we have construed relator's motion as being filed in this case.